United States v. West is the next case for argument. Mr. Mohabat. Good morning, your honors. May it please the court. My name is Amir Mohabat appearing for the appellant Jeffrey West. This appeal raises one issue for this court's consideration, and that is whether the district court abused its discretion when it overruled an objection raised by defense counsel at trial concerning what is at its core the publishing of certain images to the jury. I will note that when I filed the appellant's opening brief, as precise as I thought that I was, I discovered after reading the government's brief there was room for more precision. So I tried to incorporate that in the reply. The issue really is the publishing. When the objection was raised, the government witness had identified and discussed up to that point four images concerning five minors in those four images. And then the objection was brought. And as I read the objection, I think within the context that it was raised, the only way to read it and have it make sense is within a 403 analysis, not 401 or 402. Mr. Mohabat, could I just check a couple of facts here? Sure. As I understand it, we've got objections to six exhibits, right? 3B, 3C, 3D, 3E, 5E, and 6E. Is that right? I think that's correct, your honor. And is it correct that all of those were admitted into evidence without objection? I think all of those came before the objection was made. Well, the exhibits were admitted into evidence at the outset of the trial, right, to streamline things. Correct. Yes. I'm sorry, yes. So they were admitted into evidence. And was anything other than their admissibility stipulated? Those specific exhibits? No, Judge, I don't think so. I don't think so either. Okay. So why then, well, okay, go ahead. But as I read the objection, though, my sense of it is that the contemplated stipulation pertained to relevancy. And I think the government spoke to that in their brief as well, that it was stipulated agents would discuss these images, not that they were true and correct and so on and so forth. Well, I don't see in the stipulation that was reached as to some exhibits, none of these, they had what was stipulated to was, in essence, the ages of the children in the images, right? Yes. Okay. There's no such stipulation as to these exhibits. They're part of the charges. We're talking here about charges that encompass, what, 1,000 images or so? I think that's approximately correct. The government tells us, if I recall correctly, there were something like 16 or so published to the jury? That's correct. Okay. Why is that unfair or unreasonable such that a 403 objection, if it had been articulated with sufficient precision, would have to have been sustained? Well, Your Honor, the opening statement by defense counsel was that the issue was Mr. West's knowledge of the images on the computer equipment. So whether there was 16 or 16 million, if his position is he doesn't know, those images are sufficient. We need not go any further. So the theory is that the opening statement by defense counsel takes those issues off the table, takes other issues off the table? No prosecutor could proceed that way? No judge, not that it takes it off the table, but it gives the district court a roadmap of the defendant's theory of the case as well. So if the argument is he didn't know, it doesn't matter how many images are shown, that does not demonstrate knowledge of their existence on that computer hardware. Is that also the argument offered in closing? I believe that was the primary argument, yes. After the objection was overruled, that same witness of the government went on to identify more images using the word, again. He said it three more times, again, this is, again, this is, again, this is. This demonstrates the cumulative nature and how it violates Rule 403. I must say I'm totally lost. These exhibits were admitted without objection, right? If you want to make a Rule 403 objection, you have to object before they're admitted. The dispute is not about whether they are properly admitted. That's the domain of Rule 403, but whether they should have been shown to the jury. And that's not what Rule 403 is about. Rule 403 is about the admission of evidence. We've got a mismatch between the rules you're citing and the sort of argument you're making. I hope you can see my problem. I see what Your Honor is referencing, but I think the way I'm presenting it is the only way that I can in light of what the objection actually says. I don't even think it's right to call it an objection. You ask the judge not to send certain exhibits to the jury or not to show them to the jury. And that's generally viewed as a discretionary decision by the judge rather than an objection to the admission of evidence. I understand Your Honor's point. And just relying on the context and the actual words used by district court counsel, I think this is the argument that can be fashioned to present to Your Honors. This case also presents an opportunity to this court to give some insight, shed some light as to how many images might be too many under Rule 403 as it pertains to this sort of underlying offense. I'm going to be honest that this is not a Rule 403 question. This is not a question about the admission of the images. It's about how particular, properly admitted evidence is used at trial and shown to the  I understand your point, Your Honor. If there are any other questions, I'm happy to answer them, otherwise I'll save time for rebuttal. Thank you. Thank you, counsel. Mr. Keenstra. May it please the court. Good morning, Your Honors. Jeff Keenstra on behalf of the United States. The defendant waived any objection to the admission of these exhibits. I take the defendant this morning to be conceding that. His briefs never argued otherwise. And so this morning, he's argued that the only issue is the publication of an admitted exhibit. That's a much narrower and much different question. And the district court acted well within its discretion in allowing this admitted exhibit to be shown to the jury, which it did. The government showed it only briefly. And the simplest reason to get at that is that the only basis for the defendant's objection was simply mistaken. Counsel argued that these images were stipulated to, as Your Honors have noted, there was in fact no stipulation. Mr. Keenstra, with regard to the duration of how long the image may have been shown, I think at some point there's a reference to seconds. Any further information with regard to the duration? I believe that's accurate. When videos were shown, so I don't believe any of these exhibits during the last witness were videos. But when videos were shown, it was only a second or two. When images were shown, they were shown only briefly. So the government was not inundating the jury with these images. As it explained in either the opening or closing, the jury was shown only enough of these images to allow it to be able to make the judgment that it needed to make, to understand that these images are in fact child pornography. And with regard to the defense theory and the government's response to it, do you agree that it's this idea of whether or not this defendant is connected to these images through these devices? I think that's exactly correct. The defense counsel in their opening didn't contest that the devices that were found had child pornography on them. Of course, that didn't take it away from the, that didn't relieve the government of its burden to prove that. But the crux of the defense, the crux of this trial was, at least as to the possession charge, was did the defendant know that these devices contained child pornography? And so the content of the exhibits, it was necessary to show them to the jury for a couple reasons, one of which is simple, is that if the defendant had looked at these images, would he have known that they contained child pornography? And so what better way for the jury to know that by, for the jury to see themselves what these images looked like? And relatedly, the number of devices and the number of images that the defendant possessed was itself relevant, pointing to the defendant as the person who was responsible for them. He possessed six different devices of child pornography found in two different places. And so it was necessary not only to prove in the abstract that the defendant had child pornography, but that the files on each of those specific devices contained child pornography. The government further drilled down and showed attributes of the, of each of the 16 files that it admitted. And those attributes further connected them to the defendant. It showed that they were being accessed or modified over a period of years. This wasn't just an isolated use. Certain of them were connected to the, to files relating specifically to the defendant or his businesses. And so all of this cumulatively added up to point to the defendant himself and to prove his knowledge. Last, I just note that there is no possibility of harm here. That's something that the defendant hasn't addressed in his briefs. And in fact, the only thing he says is he would have received, or he would not have received the same sentence. That's not the correct inquiry. We're asking, we're looking at a trial error that he's alleging. So the question is, is there a possibility that the result of trial would have been different? Under the circumstances here, there just is no such possibility. The defendant hasn't argued otherwise. And so that offers another ground for affirmance. Thank you, Your Honors. Thank you. Thank you, Counsel. Anything further, Mr. Mojavet? No, Your Honor. Well, Mr. Mojavet, we appreciate your willingness and that of your firm to accept the appointment in this case and your assistance to both court and client. The case is taken under advisement. Thank you.